Rachael A. Honig
Acting United States Attorney
By: Joseph N. Minish
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-297-2012
Joseph.Minish@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 21-** |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$245,800.00 IN UNITED STATES CURRENCY,** | : | |
| | : | |
| **Defendant *in rem.*** | : | |

Plaintiff, United States of America, by its attorney, Rachael A. Honig, Acting United States Attorney for the District of New Jersey (by Joseph N. Minish, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is an action to forfeit to the United States of America ("Plaintiff") a total of $245,800.00 in United States currency, pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be

furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

## THE DEFENDANT *IN REM*

2.      The defendant property consists of a total of $245,800.00 in United States currency ("Defendant Property") seized by the Department of Homeland Security, Homeland Security Investigations ("HSI") and the Cliffside Park Police Department ("CPPD") (collectively, "law enforcement") during a motor vehicle stop conducted on or about October 16, 2020, in Cliffside Park, New Jersey.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(b), because the Defendant Property is located in the District of New Jersey.

5.      The Defendant Property is currently in the custody of HSI for the District of New Jersey.

6.      Plaintiff requests that upon the filing of this Verified Complaint, the Clerk issue an arrest warrant *in rem* pursuant to 28 U.S.C. § 1355(b) and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions. Plaintiff will cause the arrest warrant *in rem* to be executed upon the Defendant Property and the Court will thereby acquire *in rem* jurisdiction over the Defendant Property.

## FACTS

7. In or around October 2020, HSI Newark and HSI Tucson conducted a joint investigative operation targeting potential buyers of kilograms of cocaine. In or around October 2020, an HSI undercover agent ("UCA") began communicating via cell phone with an individual in the New York City area who sought to purchase kilograms of cocaine from the UCA.

8. On October 14, 2020, the UCA met with Carlos Pena Burgos ("Burgos") in a McDonald's parking lot in Fort Lee, New Jersey to negotiate the purchase of kilograms of cocaine. Burgos entered the UCA's vehicle and explained to the UCA that he sought to arrange the purchase of cocaine for a friend of his who was willing to purchase approximately five kilograms of cocaine. During the meeting, the UCA held himself out as a seller of cocaine. The UCA and Burgos eventually agreed to meet on October 16, 2020 to complete the negotiated cocaine transaction. Burgos agreed to purchase between five and eight kilograms of cocaine from the UCA for the approximate price of $30,000 to $35,000 per kilogram.

9. On October 16, 2020, the UCA corresponded with Burgos via text messages sent and phone calls made to a phone number ending 5958. In the morning of October 16, 2020, the UCA instructed Burgos via text message to

meet him at a gas station located at 1196 Anderson Avenue in Fort Lee, New Jersey.

10. Later in the morning of October 16, 2020, the UCA decided to change the meeting location due to unexpected police presence at the gas station. The UCA contacted Burgos via text message, and asked Burgos to meet him in the parking lot of the Viva Margarita restaurant at 790 Anderson Avenue in Cliffside Park, New Jersey.

11. At the Viva Margarita restaurant parking lot, the UCA observed a black Honda CRV, with a New York State license plate JFS2441 ("Honda") enter the parking lot and contemporaneously received a text message from Burgos' cell with the phone number ending in 5958 stating that he had arrived at the meeting location.

12. The UCA observed Burgos exit the Honda's passenger seat and walk to the UCA's vehicle. Burgos then got into the front passenger seat of the UCA's vehicle. The UCA then asked Burgos if he could see the money for the cocaine purchase. Burgos and the UCA then exited the UCA's vehicle, walked to the Honda, and entered the Honda. Burgos sat in the front passenger seat and the UCA sat on the rear passenger seat. Burgos then introduced his associate who was in the driver's seat of the Honda to the UCA. The driver was later identified as Luis Vasquez Torres ("Torres").

13. Burgos informed Torres that the UCA wanted to see the money that was going to be used for the purchase of cocaine. Burgos then accessed a hidden compartment located in the center console of the Honda.

Contemporaneously, the UCA heard a small compressor activate and observed the center console rise. Burgos and Torres then handed the UCA several bundles of United States currency from within the center console for inspection. The UCA then handed the bundles of United States currency back to Burgos and Torres. The UCA then exited the Honda and proceeded back to his vehicle. Torres and Burgos were instructed to follow the UCA to a stash location to complete the cocaine transaction. At the direction of HSI, the Honda driven by Torres was stopped by a CPPD en route to the alleged stash house.

14. After the Honda was stopped, law enforcement approached the Honda and spoke with Torres. Torres told law enforcement that he was in the area to visit friends. Torres stated that the Honda was his and that he did not have anything illegal inside the Honda. Torres gave verbal consent for law enforcement to conduct a search of the Honda. Both Torres and Burgos exited the Honda. Neither Torres nor Burgos was was handcuffed at the time. During the search, law enforcement discovered what appeared to be a hidden compartment in the center console of the Honda and saw what appeared to be United States currency inside the hidden compartment through a small gap in the console floor. Further investigation of the hidden compartment revealed an intricate "trap" in the center console. Inside the hidden compartment, law enforcement discovered approximately $245,800.00 in United States currency, the Defendant Property.

15. Torres and Burgos were transported to the CPPD for further investigation and Torres was asked about the Defendant Property found in the hidden compartment of the Honda. Torres stated that the Defendant Property was his and that it was obtained from gambling on rooster fighting. Torres acknowledged that gambling on rooster fighting was illegal.

16. The Defendant Property discovered in the hidden compartment in the Honda was seized. Along with the Defendant Property, four cell phones were recovered from the Honda and two of those cell phones were seized as evidence. Among the seized cell phones was the cell phone associated with the phone number ending in 5958, which Burgos used to communicate with the UCA to coordinate the purchase of cocaine.

17. The denominations of the Defendant Property consisted of 2009 $100 bills, 504 $50 bills, and 985 $20 bills.

18. On December 23, 2020, Torres filed an administrative claim with the Department of Homeland Security asserting his ownership interest in the Defendant Property. Specifically, Torres claimed that the Defendant Property is currency that was derived from his work, savings, and business and personal endeavors as a self-employed barber. HSI believes that Torres was the friend Burgos referred to during his communications with the UCA regarding the purchase of cocaine.

**CLAIM FOR FORFEITURE**

**Count One**

19. The allegations contained in paragraphs 1 through 18 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein as if set forth at length.

20. Based on the facts presented above, there is probable cause to believe that the Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of Title 21, Subchapter 1, of the United States Code, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, Plaintiff requests that the Clerk of the Court issue a warrant for arrest *in rem* for the Defendant Property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendant Property; that the Defendant Property be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: March 29, 2021

                                              Rachael A. Honig
                                              Acting United States Attorney

                                              *s/ Joseph N. Minish*
                                              By: Joseph N. Minish
                                              Assistant United States Attorney

## **VERIFICATION**

I, James L. Bice, hereby verify and declare under penalty of perjury that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my own knowledge, information, and belief.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States; information obtained directly by me; and information supplied to me from and by other law enforcement officials, during an investigation of alleged violations of Title 21 of the United States Code.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated this 29th day of March, 2021.

_____
James L. Bice
Special Agent
Department of Homeland Security